IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGS LIGHTING MANAGEMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | C.A. No. 25-141 (MN) |
| ) | |
| JESCO LIGHTING GROUP, LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

# DEFENDANT JESCO LIGHTING GROUP, LLC'S
# OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

OF COUNSEL:

David C. Radulescu, Ph.D.
Etai Lahav
Bryon T. Wasserman
RADULESCU LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
(646) 502-5950

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
Benjamin Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Defendant Jesco Lighting Group, LLC*

March 27, 2025

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. NATURE AND STATE OF PROCEEDINGS ..................................................................... 1

III. SUMMARY OF THE ARGUMENT .................................................................................... 1

IV. STATEMENT OF FACTS .................................................................................................... 1

    A. Disclosure of the '302 Patent .................................................................................... 1

    B. Claim 1 of the '302 Patent ......................................................................................... 2

    C. Plaintiff's Deficient Direct Infringement Allegations ............................................. 3

    D. Plaintiff's Deficient Willful and Indirect Infringement Allegations ....................... 4

V. LEGAL STANDARD ........................................................................................................... 5

    A. The Twombly/Iqbal Pleading Standard .................................................................. 5

    B. Direct Infringement ................................................................................................... 6

    C. Induced Infringement ............................................................................................... 6

    D. Willful Infringement ................................................................................................. 7

VI. ARGUMENT ......................................................................................................................... 7

    A. Plaintiff's Allegations for Direct Infringement Should be Dismissed .................... 7

        1. Plaintiff fails to Plead the Presence of "a first plurality of LEDs configured to produce a first light having a first color temperature, wherein the first plurality of LEDs aligns within a first linear shape" and "a second plurality of LEDs configured to produce a second light having a second color temperature different from the first color temperature, wherein the second plurality of LEDs align within a second linear shape" ................................................................................... 8

        2. Plaintiff fails to Plead the Presence of "a second switch configured to cause the one of the plurality of currents to couple to the first plurality of LEDs, the second plurality of LEDs, or both" .......................... 9

        3. Plaintiff's Failure to Render Plausible All Elements Requires Dismissal of Its Claims .......................................................................... 10

      B.      Plaintiff's Allegations for Indirect Infringement Should be Dismissed ............... 10

      C.      Plaintiff's Allegations for Willful Infringement Should be Dismissed ................ 12

VII.    CONCLUSION ................................................................................................................ 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 5, 6

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007) ..................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 5, 9

*Bos. Sci. Corp. v. Nevro Corp.*,
   415 F. Supp. 3d 482 (D. Del. 2019) ............................................................................. 6, 8, 9, 10

*Bot M8 LLC v. Sony Corp. of America*,
   4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................ 6, 8, 9

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ................................................................................................... 5

*Cellcontrol, Inc. v. Mill Mountain Capital, LLC,*.
   No. 7:21-cv-246, 2022 WL 598752 (W.D. Va., Feb. 28, 2022) ............................................. 12

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ........................................................................................................... 11

*Deere & Co. v. AGCO Corp.*,
   No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ................................................ 11

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ................................................................................................ 6

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) ................................................................................................ 7

*Dynamic Data Techs. v. Google LLC,*.
   No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020), *report and
   recommendation adopted sub nom.*, 2020 WL 3103786 (D. Del. June 11,
   2020) ....................................................................................................................................... 12

*Hills Point Indus. LLC v. Just Fur Love LLC*,
   No. 22-1256-GBW, 2023 WL 8804046 (D. Del. Dec. 20, 2023) .......................................... 12

*Kajeet, Inc. v. Gryphon Online Safety, Inc.*,
   No. 19-2370-MN, 2021 WL 780737 (D. Del. Mar. 1, 2021) ............................................ 6, 10

*LoganTree LP v. Omron Healthcare, Inc.*,
    No. 18-1617-MN, 2019 WL 4538730 (D. Del. Sept. 19, 2019) ................................................6

*Manville Sales Corp. v. Paramount Sys., Inc.*,
    917 F.2d 544 (Fed. Cir. 1990) .............................................................................................11

*Mele v. Fed. Reserve Bank of New York*,
    359 F.3d 251 (3d Cir. 2004) .................................................................................................5

*Nexus Pharm., Inc. v. Exela Pharma Sciences. LLC*,
    No. 22-1233-GBW, D.I. 17, Slip Op (D. Del. Jun. 13, 2023) ..........................................6, 10

*NNCrystal US Corp. v. Nanosys, Inc.*,
    No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020) .............................................7

*Novartis Pharms. Corp. v. Actavis, Inc.*,
    No. 12-366-RGA-CJB, 2012 WL 6212619 (D. Del. Dec. 5, 2012) ......................................6

*Osteoplastics, LLC v. Zimmer Biomet Holdings, Inc.*,
    No. 20-407-MN, D.I. 39 (D. Del. Oct. 21, 2020) ...............................................................13

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016) .......................................................................................7, 10

*Pryor v. Nat'l Collegiate Athletic Ass'n*,
    288 F.3d 548 (3d Cir. 2002) .................................................................................................5

*Robocast, Inc. v. YouTube, LLC*,
    No. 22-304-RGA, 2022 WL 16922035 (D. Del. Nov. 14, 2022) ..........................................7

*Sands v. McCormick*,
    502 F.3d 263 (3d Cir. 2007) .................................................................................................5

*Sapphire Crossing LLC v. Robinhood Markets, Inc.*,
    No. 18-1717-MN-CJB, 2021 WL 149023 (D. Del. Jan. 15, 2021), *report and recommendation adopted*, 2021 WL 355154 (D. Del. Feb. 2, 2021) ....................................13

*TMI Sols. LLC v. Bath & Body Works Direct, Inc.*,
    2018 WL 4660370 (D. Del. Sept. 28, 2018) .........................................................................6

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
    No. 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020), *report and recommendation adopted sub nom.*, 2020 WL 5077416 (D. Del. Aug. 27, 2020) ...............................................................................................................................10

*Välinge Innovation AB v. Halstead New England Corp.*,
    No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018), *report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018) ..........................7

*Valmont Indus., Inc. v. Lindsay Corp.*,
   No. 15-042-LPS-CJB, 2018 WL 503255 (D. Del. Jan. 22, 2018) ............................................13

*Vervain, LLC v. Micron Tech., Inc.*,
   No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .......................................9

*Wrinkl, Inc. v. Facebook, Inc.*,
   No. 20-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ............................................11

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) ........................................................................................11

**Statutes**

35 U.S.C. § 271(b) .........................................................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................................................1, 5

**I.      INTRODUCTION**

Plaintiff AGS Lighting Management's ("Plaintiff" or "AGS") complaint (D.I. 1, "Complaint") against Defendant Jesco Lighting Group, LLC ("Defendant" or "Jesco") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as it fails to set forth facts establishing its claims as plausible. Particularly, for key limitations relied upon by Plaintiff, it merely sets forth conclusory allegations regarding general features and does not plead facts rendering plausible that the specific claim limitations are present in the accused products. Plaintiff's claims of induced and willful infringement are also deficient.

**II.     NATURE AND STATE OF PROCEEDINGS**

Plaintiff filed the Complaint on February 4, 2025. No discovery has been conducted and no schedule has issued.

**III.    SUMMARY OF THE ARGUMENT**

Plaintiff's conclusory pleading fails to plead facts showing that key limitations of the claims of U.S. Patent 11,751,302 (D.I 1-1, the "'302 Patent") are present. Particularly, Plaintiff does not plead facts rendering plausible that the claimed structural arrangements of LEDs are present. Nor does Plaintiff plead facts rendering plausible that "a second switch configured to cause the one of the plurality of currents to couple to the first plurality of LEDs, the second plurality of LEDs, or both" is present. Plaintiff's claims of induced and willful infringement fail to plead the requisite knowledge of infringement and intent to infringe. Accordingly, Plaintiff's Complaint should be dismissed.

**IV.     STATEMENT OF FACTS**

**A.      Disclosure of the '302 Patent**

The '302 Patent is directed to an LED array that controls the color temperature of the output light by having two sets of LEDs of differing color temperatures that are arranged in first and

1

second linear shapes.'302 Patent at Abstract. The "color temperature" of LED lights is a characteristic of white LED lights, with lower temperatures corresponding to warmer yellower lights that may be used in home settings and higher color temperatures corresponding to whiter lights. '302 Patent at 1:19-27.

The '302 Patent purports to enable a light fixture to adjust its color temperature by using a specific structural arrangement, namely: (a) a first plurality of lights with a first color temperature arranged in a first linear shape; and (b) a second plurality of lights having a second color temperature arranged in a second linear shape. '302 Patent at Abstract, Fig. 2. It is further directed to a switch that causes the driver current to couple to the first plurality of LEDs, second plurality of LEDs, or both depending on the position of the switch.

### B. Claim 1 of the '302 Patent

Claim 1 is shown below with limitations of particular interest bolded.

1. A linear light-emitting diode (LED) lighting apparatus, comprising:

an array of light emitting diodes (LEDs) having a first length, wherein the array of LEDs comprises:

**a first plurality of LEDs configured to produce a first light having a first color temperature, wherein the first plurality of LEDs aligns within a first linear shape;**

**a second plurality of LEDs configured to produce a second light having a second color temperature different from the first color temperature, wherein the second plurality of LEDs align within a second linear shape;**

a driver circuit configured to output a plurality of currents;

a switch assembly configured to couple to the driver circuit, wherein the switch assembly comprises:

a first switch configured to cause the driver circuit to output one of the plurality of currents;

**a second switch configured to cause the one of the plurality of currents to couple to the first plurality of LEDs, the second plurality of LEDs, or both; and**

wherein the linear LED lighting apparatus is configured to electrically couple to an additional linear LED lighting apparatus having a second length different than the first length by a scale factor,

wherein the additional linear LED lighting apparatus is configured to produce a third light having the first color temperature via a third plurality of LEDs or a fourth light having the second color temperature via a fourth plurality of LEDs.

### C.    Plaintiff's Deficient Direct Infringement Allegations

Plaintiff provides various photos and limited documentation from Jesco's website to purportedly substantiate its claims. However, for several key claim limitations, it does not plead facts rendering the specific claim limitations plausible.

As described above, the '302 Patent not only claims LEDs of different color temperatures but a specific arrangement of those LEDs. Yet the Complaint offers no facts supporting that those limitations are met. For the following limitations, Plaintiff's allegations do not plead facts supporting that the claimed arrangements are present:

"a first plurality of LEDs configured to produce a first light having a first color temperature, wherein the first plurality of LEDs aligns within a first linear shape"

"a second plurality of LEDs configured to produce a second light having a second color temperature different from the first color temperature, wherein the second plurality of LEDs align within a second linear shape."

Complaint ¶ 28.

Plaintiff shows a picture, allegedly of the accused products, including two lines of LEDs. Plaintiff also provides a quote from a Jesco product description stating that the products are capable of multiple color temperatures. *Id.* However, Plaintiff pleads no facts rendering plausible that the claimed arrangements are present. The identified information does not render plausible that there is a "first plurality of LEDs" having a first "color temperature" that "align[] within a first linear shape" or a second " second plurality of LEDs" having a "second color temperature" that "align[]

3

within a first second shape." There is nothing in the Complaint that supports an allegation that any LEDs of differing color temperature are aligned in the claimed arrangement. Plaintiff does not identify either a first or second plurality of LEDs respectively having first and second color temperatures or the purported first and second linear shapes, either in the text or the diagrams or any annotations.

Additionally, the '302 Patent claims a specific circuit arrangement for modifying color temperature, particularly "a second switch configured to cause the one of the plurality of currents to couple to the first plurality of LEDs, the second plurality of LEDs, or both." Yet, Plaintiff identifies no such circuit. Complaint ¶ 28. Plaintiff points to the mere capacity to modify color temperature in the accused products, but pleads no facts rendering plausible that the claimed coupling function is performed. *Id.* In addition to failing to meet its plausibility burden, Plaintiff's deficient Complaint provides no notice of what it considers to be the infringing structures (to the extent any such structures are present).

### D. Plaintiff's Deficient Willful and Indirect Infringement Allegations

Although purporting to plead claims for willful and indirect infringement, Plaintiff pleads no facts supporting its allegation that Jesco had knowledge of any infringement. Plaintiff alleges knowledge of the '302 Patent through the following phrase "Jesco has been on notice of the '302 patent and on information and belief, its infringement of that patent, before the filing of this Complaint and since no later than the time of AGS Lighting's October 31, 2023 letter." Complaint ¶ 30. Notably the letter does not substantiate any of AGS's allegations of infringement. D.I. 1-7. Nor does it identify any of the products accused of infringement in this matter, instead referencing a different product not accused here (the "LIN" rather than the accused "LIN Slim").

With respect to willful infringement, Plaintiff only pleads that " [AGS's] infringement has been willful and egregious" with no supporting facts.

## V. LEGAL STANDARD

### A. The Twombly/Iqbal Pleading Standard

The Supreme Court in *Twombly* held generally that a civil complaint must go beyond providing mere notice, insisting that a Plaintiff must instead allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Any documents attached to the complaint are properly considered in a Rule 12(b)(6) motion. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). If in view of the foregoing, however, a complaint still fails to "state a claim to relief that is plausible on its face," it should be dismissed under Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For purposes of a Rule 12(b)(6) motion, all facts alleged in the complaint, as well as all reasonable inferences to be drawn therefrom, are assumed to be true. *See Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 253 (3d Cir. 2004). This assumption applies only to factual allegations, however, and the Court is "not compelled to accept 'unsupported conclusions and unwarranted inferences,' or 'a legal conclusion couched as a factual allegation.'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal citations omitted). The plausibility standard is only met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Again, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*

On a motion to dismiss, it is proper for the court to consider matters of judicial notice and public record, and any documents on which the plaintiff's complaint relies, including documents attached to the pleading. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pryor v. Nat'l*

5

*Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *accord Novartis Pharms. Corp. v. Actavis, Inc.*, No. 12-366-RGA-CJB, 2012 WL 6212619, at *2 (D. Del. Dec. 5, 2012).

### B. Direct Infringement

To state a claim for direct infringement, the plaintiff must plead "factual content" which creates a "reasonable inference" that "*[an] accused product[ ] meet[s] 'each and every element of at least one claim'*" of the asserted patent. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (emphasis added) (quoting *Iqbal*, 556 U.S. at 678); *Bot M8 LLC v. Sony Corp. of America*, 4 F.4th 1342, 1349-1355 (Fed. Cir. 2021) (upholding dismissal for failure to plead facts supporting presence of claim element); *Kajeet, Inc. v. Gryphon Online Safety, Inc.*, No. 19-2370-MN, 2021 WL 780737, at *9 (D. Del. Mar. 1, 2021) (granting motion to dismiss patent infringement claims because the complaint failed to allege that the defendant's accused products met "each and every limitation of" at least one asserted claim); *see also LoganTree LP v. Omron Healthcare, Inc.*, No. 18-1617-MN, 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019) (dismissing infringement allegations due to plaintiff's failure to plausibly allege "that the defendant has performed every claimed step" of the asserted method claim); *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) ("To plead direct infringement, a plaintiff must allege facts 'that plausibly indicate that the accused products contain each of the limitations found in the claim.'" (quoting *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018)); *Nexus Pharm., Inc. v. Exela Pharma Sciences. LLC*, No. 22-1233-GBW, D.I. 17, Slip Op, at 4 (D. Del. Jun. 13, 2023) (same) (attached as Exhibit ("Ex. A")).

### C. Induced Infringement

Inducement liability requires: (1) direct infringement by another; (2) an affirmative act by the defendant to induce that infringement; and (3) specific intent to induce infringement, including

knowledge of the patent, knowledge that the defendant's acts will cause direct infringement, and actual intent to cause that direct infringement. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). The intent element also "requires more than just intent to cause the acts that produce direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). "Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Id*.

### D. Willful Infringement

"[I]n order to sufficiently plead willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018). Thus, the patentee must allege both actual knowledge of the asserted patent, and that the accused infringer "knowingly or intentionally infringed the patent after acquiring that knowledge." *NNCrystal US Corp. v. Nanosys, Inc.*, No. 19-1307-RGA, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020) (granting motion to dismiss willful infringement claim); *see also Robocast, Inc. v. YouTube, LLC*, No. 22-304-RGA, 2022 WL 16922035, at *3 (D. Del. Nov. 14, 2022) (same).

## VI.   ARGUMENT

### A. Plaintiff's Allegations for Direct Infringement Should be Dismissed

Plaintiff fails to plead facts sufficient to render plausible key limitations in the '302 Patent and accordingly its direct infringement claims should be dismissed. Particularly, Plaintiff at most pleads facts related to generalized features and structures rather than the specific limitations of the claims.

7

> **1.    Plaintiff fails to Plead the Presence of "a first plurality of LEDs configured to produce a first light having a first color temperature, wherein the first plurality of LEDs aligns within a first linear shape" and "a second plurality of LEDs configured to produce a second light having a second color temperature different from the first color temperature, wherein the second plurality of LEDs align within a second linear shape"**

As described above, the '302 Patent claims a specific arrangement of LEDs in which a "first plurality" or LEDs having a "first color temperature" are arranged in "first linear shape" and a "second plurality" of LEDs "having a second color temperature" are arranged in a second linear shape. Plaintiff pleads no facts rendering plausible that the claimed structural limitations are present. Plaintiff pleads facts indicating that the accused products may have LEDs of different color temperatures. Complaint ¶28. Plaintiff shows lines of LEDs in the accused products, but Plaintiff pleads no facts rendering plausible that the LEDs of different color temperature are arranged in the manner claimed.[1]

Specifically, Plaintiff does not identify: (a) the first plurality of LEDs, (b) the second plurality of LEDs; (c) the first linear shape; or (d) the second linear shape. Absent substantive pleadings regarding the claimed arrangements, Plaintiff cannot render plausible that the claimed arrangement is present. *See Bot M8*, 4 F.4th at 1349, 1354 ("While [plaintiff] points to different storage components in the allegedly infringing devices, it never says which one or ones satisfy the mutual authentication limitation."); *see also Bos. Sci. Corp.*, 415 F. Supp. 3d at 490 (granting motion to dismiss direct infringement allegations where plaintiff made "no attempt to connect specific components of the accused systems to elements of the asserted claim").

---

[1] To the extent that Plaintiff argues that the first visible line of LEDs on the picture on page 10 is the first plurality having a first color temperature and the second is the second plurality having a second color temperature, no such facts are pled and indeed, Jesco has no reason to believe that such an arrangement is present.

> **2.    Plaintiff fails to Plead the Presence of "a second switch configured to cause the one of the plurality of currents to couple to the first plurality of LEDs, the second plurality of LEDs, or both"**

As set forth above, the '302 Patent claims a specific structural arrangement in which a switch causes currents to couple to either the first or second plurality of LEDs or both to effectuate color temperature control. However, Plaintiff pleads no facts rendering plausible that that the currents are coupled in the manner claimed. Plaintiff merely points to functionality for controlling color temperature. Complaint ¶ 28. However, Plaintiff pleads no facts rendering plausible that the specific functionality recited in the claims is present and that color temperature changes are effectuated by the claimed coupling function. To pass muster under the *Twombly* standard, the Complaint must contain "allegations plausibly suggesting (not merely consistent with)" culpable conduct. *Twombly*, 550 U.S. at 557. In *Twombly*, conduct by two parties did not support an inference of conspiracy because parallel conduct, while "consistent with conspiracy," was "just as much in line with a wide swath of [permissible conduct]." *Id*. at 554. Applying the same standards here, the plead facts must be more than "merely consistent" with the presence of the claimed features, but rather establish as plausible that the accused product is arranged and operates as claimed. AGS's pleading, which at most points to functionality for controlling color temperature, fails to plead sufficient facts to render plausible that this specific claim limitation is present. *See Bot M8*, 4 F.4th at 1349-1355 (upholding dismissal of complaint when Plaintiff pled facts supporting the presence of authentication program but not an authentication program in the location claimed.); *Bos. Sci. Corp.*, 415 F. Supp. 3d at 490 (granting motion to dismiss direct infringement allegations where plaintiff made "no attempt to connect specific components of the accused systems to elements of the asserted claim"); *Vervain, LLC v. Micron Tech., Inc*., No. 6:21-cv-00487-ADA, 2022 WL 23469 at *5 (W.D. Tex. Jan. 3, 2022) (holding that a pleading that

merely renders plausible more generalized functionality rather than the specific functionality claimed, fails to plead direct infringement).

### 3. Plaintiff's Failure to Render Plausible All Elements Requires Dismissal of Its Claims

For two limitations, Plaintiff fails to plead facts sufficient to show that those limitations are present. This failure to plausibly plead infringement of the above key limitations requires dismissal. *See Nexus Pharm.,* D.I. 17, Slip Op, at 4 ("To plead direct infringement, Nexus must allege facts 'that plausibly indicate that the accused products contain each of the limitations found in the claim.'"); *Kajeet*, 2021 WL 780737, at *9; *see also Bos. Sci. Corp.*, 415 F. Supp. 3d at 489 ("To plead direct infringement, a plaintiff must allege facts that plausibly indicate that the accused products contain each of the limitations found in the claim."((internal quotations and citation omitted)); *Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. 19-1075-CFC-SRF, 2020 WL 4260616, at *2 (D. Del. July 23, 2020), *report and recommendation adopted sub nom.*, 2020 WL 5077416 (D. Del. Aug. 27, 2020) ("[T]o survive a 12(b)(6) motion, a complaint alleging direct infringement must contain facts plausibly indicating that a defendant's accused product practices each limitation of the asserted patent . . . .").

### B. Plaintiff's Allegations for Indirect Infringement Should be Dismissed

The Complaint's allegations also do not support a reasonable inference that Jesco induced infringement under § 271(b). Inducement liability requires: (1) direct infringement by another; (2) an affirmative act by the defendant to induce that infringement; and (3) specific intent to induce infringement, including knowledge of the patent, knowledge that the defendant's acts will cause direct infringement, and actual intent to cause that direct infringement. *See Power Integrations,* 843 F.3d at 1332.

First, as set forth for direct infringement, Plaintiff has not pled that the accused products infringe the '302 Patent and thus fails to plead induced infringement.

Plaintiff's allegations also fail to support a reasonable inference that Jesco acted with the requisite specific intent to cause another's infringement. The specific intent requirement is satisfied "only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990).

Plaintiff alleges knowledge of the '302 Patent through the following phrase. "Jesco has been on notice of the '302 patent and on information and belief, its infringement of that patent, before the filing of this Complaint and since no later than the time of AGS Lighting's October 31, 2023 letter." Complaint ¶ 30. Notably the letter does not substantiate any of AGS's allegations of infringement. D.I. 1-7. Nor does it identify any of the products accused of infringement in this matter, accusing a different product (the "LIN" rather than the accused "LIN Slim").

Without specific features or supporting evidence or even identification of the products accused, there is no practical way for Jesco to have the requisite pre-suit knowledge necessary for inducement. *See Deere & Co. v. AGCO Corp.*, No. 18-827-CFC, 2019 WL 668492, at *6 (D. Del. Feb. 19, 2019) (vague notice letter could not provide pre-suit knowledge of certain asserted claims).

Thus, Jesco would have had no reason to believe that the accused products infringe. AGS also refers to the Complaint as providing notice of infringement, but original complaints have been rejected as a basis for providing notice or knowledge of infringement. *See e.g.*, *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021) ("The purpose of a complaint is to obtain relief from an existing claim and not to create a claim."); *Wrinkl, Inc. v. Facebook,*

*Inc.*, No. 20-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021) ("[W]hile a plaintiff could file an amended complaint alleging willfulness, when there is no pre-suit knowledge, it is not sufficient merely to allege the defendant has knowledge since the filing of the original complaint and has not ceased doing whatever the infringing behavior is alleged to be."); *Hills Point Indus. LLC v. Just Fur Love LLC*, No. 22-1256-GBW, 2023 WL 8804046, at *4 (D. Del. Dec. 20, 2023) ("adopt[ing] the view that '[t]he complaint itself cannot serve as the basis for a defendant's actionable knowledge' for a willful infringement claim" (citation omitted)). Further a complaint which fails to state a claim of infringement cannot provide notice of infringement. Accordingly, Plaintiff does not plead sufficient to support its claim of induced infringement and for that reason its claims should be dismissed.

### C. Plaintiff's Allegations for Willful Infringement Should be Dismissed

Again, as set forth for direct infringement, Plaintiff has not pled that the accused products infringe the '302 Patent and thus fails to plead willful infringement.

As with induced infringement, Plaintiff's conclusory letter of infringement fails to put Jesco on notice of Plaintiff's allegations of infringement as it did not identify a product accused in this suit or explain Plaintiff's allegations so as to put AGS on notice. *See Dynamic Data Techs. v. Google LLC,*. No. 19-1529-CFC, 2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020), *report and recommendation adopted sub nom.*, 2020 WL 3103786 (D. Del. June 11, 2020) (dismissing claims of willful infringement where the patentee's pre-suit letter failed to "explain why it is that the accused [] products at issue infringed those particular patents [cited in the letter]"); *Cellcontrol, Inc. v. Mill Mountain Capital, LLC,*. No. 7:21-cv-246, 2022 WL 598752, at *3 (W.D. Va., Feb. 28, 2022) (dismissing claims of willful infringement *with prejudice* because "the cease and desist letter does not provide a sufficient factual basis for the allegation that MMR knew it was engaged in infringing conduct as the letter provides no facts supporting its claim of infringement.").

Further, beyond asserting knowledge of the '302 Patent, Plaintiff pleads no support for its allegation that Jesco's conduct was willful, merely asserting in a conclusory manner that Jesco's "infringement has been willful and egregious." Complaint ¶ 33. This is fatal to Plaintiff's willfulness claims. *Valmont Indus., Inc. v. Lindsay Corp.*, No. 15-042-LPS-CJB, 2018 WL 503255, at *4 (D. Del. Jan. 22, 2018) (granting motion to dismiss willfulness claim where plaintiff did not plead facts that defendant acted willfully); *Osteoplastics, LLC v. Zimmer Biomet Holdings, Inc.*, No. 20-407-MN, D.I. 39 at 4 (D. Del. Oct. 21, 2020) (same) (attached as Ex. B); *Sapphire Crossing LLC v. Robinhood Markets, Inc.*, No. 18-1717-MN-CJB, 2021 WL 149023, at *6 (D. Del. Jan. 15, 2021), *report and recommendation adopted*, 2021 WL 355154 (D. Del. Feb. 2, 2021) (same). Accordingly, Plaintiff's willful infringement claims should be dismissed.

## VII. CONCLUSION

For the reasons above, Jesco respectfully requests that the Court grant its motion and dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.

|  |  |
|---|---|
| OF COUNSEL:<br><br>David C. Radulescu, Ph.D.<br>Etai Lahav<br>Bryon T. Wasserman<br>RADULESCU LLP<br>5 Penn Plaza, 19th Floor<br>New York, NY  10001<br>(646) 502-5950<br><br>March 27, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br><br>Jeremy A. Tigan (#5239)<br>Cameron P. Clark (#6647)<br>Benjamin Yenerall (#7132)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jtigan@morrisnichols.com<br>cclark@morrisnichols.com<br>byenerall@morrisnichols.com<br><br>*Attorneys for Defendant Jesco Lighting Group, LLC* |

13

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 27, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Andrew E. Russell<br>Lindsey M. Gellar<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff AGS Lighting Management LLC* | *VIA ELECTRONIC MAIL* |
| Kevin E. Cadwell<br>Lisa M. Thomas<br>Brad S. Bowling<br>CADWELL CLONTS REEDER & THOMAS LLP<br>5373 W. Alabama St., Suite 457<br>Houston, TX 77056<br>*Attorneys for Plaintiff AGS Lighting Management LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)