IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGS LIGHTING MANAGEMENT LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESCO LIGHTING GROUP, LLC, ) <br> ) <br> Defendant. ) | C.A. No. 25-141 (MN) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT JESCO LIGHTING GROUP, LLC'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

OF COUNSEL:

David C. Radulescu, Ph.D.
Etai Lahav
Bryon T. Wasserman
RADULESCU LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
(646) 502-5950

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
Benjamin Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Defendant Jesco Lighting Group, LLC*

April 17, 2025

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | AGS's Claims of Infringement Should be Dismissed | 1 |
| | | 1. AGS has Failed to Plead the First and Second Plurality of LEDs Limitations | 3 |
| | | 2. AGS Has Failed to Plead the Presence of the "Second Switch" Limitation | 5 |
| | B. | AGS's Induced Infringement Claims Should Also be Dismissed | 7 |
| | C. | The Complaint Fails to Allege Willful Infringement | 9 |
| III. | CONCLUSION | | 10 |

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                                              **Page(s)**

*Baraka v. McGreevey*,
    481 F.3d 187 (3d Cir. 2007)...........................................................................................................9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................................................6

*BioMérieux, S.A. v. Hologic, Inc.*,
    No. 18-21, 2018 WL 4603267 (D. Del. Sept. 25, 2018)................................................................4

*Bos. Sci. Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019)...............................................................................................4

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ...............................................................................................2, 4, 6

*Cambria Cty. Ass'n for the Blind & Handicapped, Inc. v. Affordable Wire Mgmt., LLC*,
    No. 2380-SRF, 2024 WL 1328883 (D. Del. Mar. 28, 2024) .......................................................8

*Cellcontrol, Inc. v. Mill Mountain Capital, LLC*,
    No. 7:21-cv-246, 2022 WL 598752 (W.D. Va., Feb. 28, 2022)................................................10

*Cyph, Inc. v. Zoom Video Communications, Inc.*,
    No. 22-cv-00561-JSW, 2022 WL 1556417 (N.D. Cal. May 17, 2022).......................................6

*Deere & Co. v. AGCO Corp.*,
    No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019).......................................................8

*DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*,
    700 F. Supp. 3d 189 (D. Del. 2023).............................................................................................10

*Dynamic Data Techs. v. Google LLC*,.
    No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020) ................................................10

*Jackson v. Seaspine Holdings Corp.*,
    No. 20-1784-RGA, 2022 WL 610703 (D. Del. Feb. 14, 2022)...............................................8, 9

*Polaris PowerLED Techs., LLC v. Vizio, Inc.*,
    No. 18 Civ. 1571, 2019 WL 3220016 (C.D. Cal. May 7, 2019) ..................................................8

*Rally AG LLC v. Apple, Inc.*,
    No. 23-1106, 2024 WL 4836540 (D. Del. Nov. 20, 2024)...........................................................4

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*,
    No. 10-425-LPS, 2012 WL 1134318 (D. Del. Mar. 28, 2012)..................................................10

*Teradyne, Inc., v. Astronics Test Systems, Inc.*,
  No. CV 20-2713-GW-SHKX, 2020 WL 8173024 (C.D. Cal. Nov. 6, 2020)............................7

*Vervain LLC, v. Micron Tech., Inc.*,
  6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022).........................................2, 3

*Zoetis LLC v. Roadrunner Pharmacy, Inc.*,
  2016 WL 755622 (D.N.J. Feb. 25, 2016) ................................................................................9

**I.      INTRODUCTION**

Plaintiff AGS's Opposition (D.I. 14, "Opposition") to Jesco's motion to dismiss the Complaint (D.I. 1) confirms the facts set forth in Jesco's opening brief (D.I. 12, "Opening"). The Complaint does not plead facts that render plausible that the claims of the '302 Patent are infringed.

With respect to direct infringement, AGS does not point to pled facts rendering plausible that the claim limitations are met. Effectively, it states "we showed pictures of an accused product and stated that the claim limitations were met and this is enough." Plaintiff argues that the Court should let it proceed without meeting its burden at the pleading stage and instead decide later if it has a plausible claim. This is not the law. AGS's deficient claims of direct infringement should be dismissed.

Similarly, with respect to indirect and willful infringement, AGS does not plead facts rendering plausible that Jesco believed its products infringe. Absent such allegations, those claims, too, should be dismissed.

**II.     ARGUMENT**

   **A. AGS's Claims of Infringement Should be Dismissed**

AGS effectively argues that: (a) it showed pictures of the accused products; and (b) alleged that the claimed features were present and so, accordingly, this should be enough to plead infringement. AGS cites *Disc Disease*, arguing that it allows it to proceed with its deficient allegations. Opposition at 7 (citing *Disc Disease Sols., Inc. v. VGH Sols., Inc.* 888 F.3d 1256, 1260 (Fed. Cir. 2018)). However, in *Disc Disease*, the Federal Circuit only allowed the pleading to proceed because the asserted patents involved "simple technology" and infringement could be plausibly inferred from the photographs provided. *Id.* The present case involves electronic devices designed to use specific methods to control and present specific LED color temperatures. There is

1

no plausible way to infer that the accused features are present based on the manner of naked recitations and conclusory statements offered by AGS.

Indeed, the Federal Circuit has reiterated in more recent guidance—*Bot M8*—that the amount of detail required to sufficiently plead direct infringement depends on "the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1348-1350 (Fed. Cir. 2021) (dismissing two direct infringement claims). Although the plaintiff in *Bot M8* offered detailed claim charts identifying the infringing structures and features, the Federal Circuit upheld dismissal, noting:

> Likewise, for the '990 patent—which describes a mutual authentication mechanism for video games—the court found that "the complaint fails to allege *when* or *where* the game program and mutual authentication program are stored *together*." Although Bot M8 pointed to an assertion in the complaint that the "game program on the hard drive or disc contains a mutual authentication process," the court explained that "allegations that track the claim language that closely are conclusory and require support not found in the substantive allegations." Because the allegations "do not address where the game program is stored," the court found them insufficient.…We find no error in the district court's analysis as to the '990 patent.

*Id.* at 1349, 1355. The *Bot M8* pleadings at issue—which included claim charts and careful identification of accused features—were far more specific and far more detailed than those offered by AGS here, yet failing to plead facts rendering these claim limitations plausible required dismissal. *Id.* at 1348, 1349, 1355.

In the *Vervain* case, the court distinguished the more complex technology at issue from that of *Disc Disease* and applied the more relevant precedent of *Bot M8*. *See Vervain LLC, v. Micron Tech., Inc.*, 6:21-cv-00487-ADA, 2022 WL 23469 at *5, *6 (W.D. Tex. Jan. 3, 2022). The court noted:

> The Complaint maps the hot blocks limitations to the M600 at paragraphs 65 and 66. As noted above, these paragraphs allege that the M600 "employs wear leveling techniques that employ block erase counting." In support, the Complaint cites to the WL Note, which describes two wear-leveling methods. But neither technique can be stretched to establish a reasonable inference that the M600 performs the hot blocks limitations (under any reasonable construction of the relevant terms). The first technique, dynamic wear leveling, selects free blocks with the lowest erase count for the next write. …Accordingly, the M600's employment of dynamic wear leveling does not lead to a reasonable inference that the M600 transfers contents of the most frequently written-to blocks to some other block (let alone to SLC nonvolatile memory), as required by claim 1.

*Id.* at *6. This is an example of the scrutiny required in light of the Federal Circuit's governing precedent for more complex technologies, scrutiny AGS's Complaint cannot withstand.

### 1. AGS has Failed to Plead the First and Second Plurality of LEDs Limitations

AGS provides no rebuttal to Jesco's arguments regarding these limitations, merely pointing back to the Complaint and asserting without any basis that it has met its burden. Opposition at 10. The "a first plurality of LEDs configured to produce a first light having a first color temperature, wherein the first plurality of LEDs aligns within a first linear shape;" and "second plurality of LEDs configured to produce a second light having a second color temperature different from the first color temperature, wherein the second plurality of LEDs align within a second linear shape" limitations are described in the '302 Patent as material. Indeed, the abstract emphasizes these features, which constitute the vast majority of the description of the claimed invention. '302 Patent at Abstract.

In its Opening, Jesco explained that AGS does not identify: (a) the first plurality of LEDs; (b) the second plurality of LEDs; (c) the first linear shape; or (d) the second linear shape. Opening at 12. Instead, AGS merely showed a picture of the accused products and averred that the claim limitations were met. *Id. AGS fails entirely to rebut these allegations.* It provides no explanation of how the pled facts make its claims *plausible*, merely pointing back to its Complaint. AGS's

3

failure to identify the purportedly infringing structures is fatal to its Complaint. *See Bot M8*, 4 F.4th at 1349, 1354 ("While [plaintiff] points to different storage components in the allegedly infringing devices, it never says which one or ones satisfy the mutual authentication limitation."); *see also Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 490 (D. Del. 2019) (granting motion to dismiss direct infringement allegations where plaintiff made "no attempt to connect specific components of the accused systems to elements of the asserted claim").

AGS repeatedly refers to the fact that it included pictures of the accused product, but that merely shows that there is a product, not that it allegedly infringes. *See Bot M8.*, 4 F.4th at 1354 ("While [plaintiff] repeatedly emphasizes the number of pages in its FAC, it is the quality of the allegations, not the quantity, that matters.").

Plaintiff also cites *Rally AG* and *BioMerieux* to support its deficient pleadings, but these authorities are inapposite. Opposition at 10. In *Rally AG*, rather than merely aping the claim language and pointing vaguely to accused products, as AGS does here, that complaint provided a specific technical explanation of how the accused product operated. *Rally AG LLC v. Apple, Inc.*, No. 23-1106, 2024 WL 4836540, at *10 (D. Del. Nov. 20, 2024). In contrast, AGS has failed to identify the actual structures and arrangements that are claimed in the '302 Patent, merely stating the existence of LEDs that may have different color temperatures. Similarly, in *BioMerieux*, the court noted that the plaintiff "describes, on a limitation-by-limitation basis, how the accused products infringe an exemplary claim." *BioMérieux, S.A. v. Hologic*, *Inc.*, No. 18-21, 2018 WL 4603267, at *3 (D. Del. Sept. 25, 2018). Neither precedent supports AGS's deficient Complaint. AGS does not explain how the claimed structural limitations are met, instead merely pointing to the existence of the claimed LEDs and repeating the claim language. *See* Complaint at 10.

Although Plaintiff cites *BioMerieux* for the proposition that a party may not have "full knowledge" at the pleading stage, AGS does not actually aver that it is missing knowledge about the structure and operation of Jesco's products. There are no hidden features or software that would otherwise prevent it from pleading a plausible allegation for these limitations if Jesco's products had the claimed structures.

Indeed, AGS seeks to have it both ways. On the one hand, it seeks to distinguish Jesco's authorities claiming that those only relate to "complex technology" (Opposition at 12), but on the other hand, it implies that it cannot identify the purportedly infringing structure because the technology is unknown to it. The Court should reject Plaintiff's deficient pleading and contradictory arguments.

### 2. AGS Has Failed to Plead the Presence of the "Second Switch" Limitation

AGS does not plead facts rendering plausible the presence of the "Second Switch" limitation and, accordingly, chooses to cut the limitation in half and remove the specific mechanism recited in the claim limitation for changing color temperature. As described by Jesco in its Opening, and unrebutted by AGS, AGS pleads no facts rendering plausible that the accused products "caus[e] the one of the plurality of currents to couple to the first plurality of LEDs, the second plurality of LEDs." Indeed, it could not as *it has not even identified the first and second pluralities of LEDs*.

In summarizing its pleading, AGS argues that it pleads the presence of a switch and that Jesco's products are capable of changing color temperature. Opposition at 10-11. But that effectively ignores the second half of the limitation, requiring not only that the product include a switch for changing color temperature, but that it do so by "caus[ing] the one of the plurality of currents to couple to the first plurality of LEDs, the second plurality of LEDs, or both." AGS

5

pleads no facts that the accused products operate by using this particular mechanism. It does not aver either in its Complaint nor the Opposition that this mechanism is the only way to change color temperature. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (dismissing complaint when conduct by two parties did not support an inference of conspiracy because parallel conduct, while "consistent with conspiracy," was "just as much in line with a wide swath of [permissible conduct]"). AGS has pled no facts rendering infringement of the actual limitation plausible.

Under AGS's view of the law, the *Bot M8* plaintiff merely would have had to identify the authentication program that it alleged to meet the claim limitations without actually pleading facts indicating that the complete limitation was met. *Bot M8* at 1354-1355. Instead, the Federal Circuit held that the plaintiff had to plead specific facts rendering plausible the specific timing and location limitations of the authentication program:

> [T]he FAC 'fails to allege when or where the game program and mutual authentication program are stored together'…Bot M8 failed to offer factual allegations that support a plausible inference that the PS4 actually stores the gaming information and mutual authentication program together… Bot M8's allegations are conclusory, merely track the claim language, and do not plausibly allege that gaming information and a mutual authentication program are stored together on the same memory..

*Id.* at 1355.

Similarly, in *Cyph, Inc. v. Zoom Video Communications, Inc.*, the plaintiff included claim charts with its challenged complaint citing the product features considered to meet each claim limitation. Case No. 22-cv-00561-JSW, 2022 WL 1556417, at *3 (N.D. Cal. May 17, 2022). The court, distinguishing *Disc Disease* and applying the more stringent requirements for complex technology set forth in *Bot M8*, dismissed the complaint, holding that merely identifying the accused features and repeating the claim language was insufficient when the cited documents did not render plausible the specific limitations of the claims were met. *Id.* at *3-4.

In attempting to distinguish Jesco's authority, AGS argues that it does not need to plead facts rendering its claims plausible because its distinguished cases involved complex technology. Opposition at 12. AGS, however, carefully avoids making the argument that its claimed technology is not complex. Further, it argues that it need not plead sufficient facts because its infringement theory is "sufficient to put Jesco on notice of the nature of the accused infringement." Opposition at 12. But it has done no so such thing. The Complaint provides no notice of how Jesco's accused products purportedly "cause[s] the one of the plurality of currents to couple to the first plurality of LEDs, the second plurality of LEDs, or both." Nor—as described above with respect to the "first" and "second" pluralities limitation—does it give notice of which LEDs constitute the claimed first and second pluralities or the first and second linear shapes. Absent facts rendering plausible that the claims are directly infringed, AGS's Complaint should be dismissed.

### B. AGS's Induced Infringement Claims Should Also be Dismissed

As set forth in the Opening, AGS failed to give Jesco adequate notice of infringement because it did not: (a) identify the products accused in this case and (b) provide any explanation of how Jesco infringed (which it still has not).

AGS plays word games with respect to the accused products, but in fact accused an entirely different product, the "LIN", not the "LIN Slim." D.I. 1-7. When Jesco responded by demonstrating non-infringement of the "LIN" product accused by Jesco in its letter, Jesco withdrew that allegation, and filed a Complaint accusing a different product: the LIN Slim. Ex. 1. AGS's rebutted and withdrawn allegations against a different product cannot establish willful infringement with respect to the presently accused product. *See Teradyne, Inc., v. Astronics Test Systems, Inc.*, No. CV 20-2713-GW-SHKX, 2020 WL 8173024, at *3, *5 (C.D. Cal. Nov. 6, 2020) (" To show that a party had the requisite knowledge for indirect infringement, a letter must include

a specific charge of infringement and identify an accused product at issue in this case"); *see also Deere & Co. v. AGCO Corp*., No. 18-827-CFC, 2019 WL 668492, at \*6 (D. Del. Feb. 19, 2019) (dismissing indirect and willful infringement allegations where plaintiff's pre-suit letter failed to identify the accused products and explain how such products infringed the patents-in-suit).

Additionally, as Jesco noted in its Opening, because AGS provided no explanation of its purported infringement, Jesco could not plausibly have the intent necessary to infringe. AGS's cited authorities do not support its contrary position. In *Jackson*, the parties had "discussions throughout the Summer of 2018" in which they "discussed SeaSpine's [Accused] Mariner product in connection with the[] [asserted] patents." *Jackson v. Seaspine Holdings Corp*., No. 20-1784-RGA, 2022 WL 610703, at \*4(D. Del. Feb. 14, 2022). *Jackson* also involved simple physical patents (screws) for which infringement could be easily inferred. *Id.* Similarly, in *Cambria*, the patents related to simple mechanical devices (a hanger and mechanical mounting assembly). *Cambria Cty. Ass'n for the Blind & Handicapped, Inc. v. Affordable Wire Mgmt., LLC*, No. 2380-SRF, 2024 WL 1328883, at \*1(D. Del. Mar. 28, 2024). These cases do not support AGS's claim that Jesco intended to infringe a patent not previously asserted against the product in this case involving more complex technology. *See also Polaris PowerLED Techs., LLC v. Vizio, Inc.,* No. 18 Civ. 1571, 2019 WL 3220016, at \*2-3 (C.D. Cal. May 7, 2019) (dismissing induced and willful infringement claims in part because notice letter " did not identify which features or functionality were infringing [Plaintiff's] patents").

AGS cites *Bausch & Lamb* for the proposition that the amount of detail it needs to provide varies based on the technology. Opposition at 12 (citing *Bausch & Lomb Inc. v. SBH Holdings LLC*, No. 20-1463-LPS, 2022 U.S. Dist. LEXIS 51969, at \*2-3 (D. Del. Mar. 23, 2022)). But AGS does not argue that its technology is not complex, and *Bausch* does not stand for the proposition

that it need not provide *any* detail to support its infringement allegations.

AGS's allegations of intent are boilerplate, capable of being asserted against any defendant and should not be considered the kind of substantive facts sufficient to sustain a claim of induced infringement. *See Zoetis LLC v. Roadrunner Pharmacy, Inc.*, 2016 WL 755622, at *5 (D.N.J. Feb. 25, 2016) (dismissing induced infringement claim where complaint alleged only that defendant sold product "with advertising or instructions relating to a use that directly infringes on one or more claims of the [asserted] patent") (internal quotations and citation omitted).

### C. The Complaint Fails to Allege Willful Infringement

For the same reasons as for induced infringement, AGS's willful infringement claims cannot be sustained. As described in the Opening, (a) AGS previously accused a different product than the one at issue in this matter, and (b) provided no information about how the accused products infringed. Further, AGS pleads no substantive facts supporting its allegations that Jesco's infringement has been "willful and egregious," merely repeating the legal standard verbatim. *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (holding that the Court is "not compelled to accept 'unsupported conclusions and unwarranted inferences,' or 'a legal conclusion couched as a factual allegation'" ).

AGS's cases are inapposite and cannot support its claims of willful infringement. As described above, the plaintiff in *Jackson* engaged in ongoing discussions with the defendant regarding alleged infringement. 2022 WL 610703, at *4. Similarly, in *St. Clair* the Court found that the complaint:

> demonstrates a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either "known to HP" and/or "were so obvious under the circumstances that the infringement risks should have been known" by listing explicit instances where HP was aware of both the patents in- suit and that it was either practicing or contemplating practicing technologies related to the patents-in-suit.

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, No. 10-425- LPS, 2012 WL 1134318 at *3 (D. Del. Mar. 28, 2012). No such allegations are present in AGS's Complaint. *Honeywell*, cited by AGS, similarly pled specific facts including that the defendant had "no reasonable non-infringement or invalidity defense," facts not pled here. *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 201 (D. Del. 2023).

AGS attempts to distinguish *Dynamic Data*, arguing that there was no express allegation of infringement, but in dismissing the claim, the court held that the correspondence at issue failed to "*explain why it is that the accused Google products at issue infringed those particular patents*." *Dynamic Data Techs. v. Google LLC*, No. 19-1529-CFC, 2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020), *report and recommendation adopted sub nom.*, 2020 WL 3103786 (D. Del. June 11, 2020) (emphasis added) (internal citation omitted). The court further held that the complaint did not explain "why, *in the absence of having received a pre-suit notice letter explaining why the accused products infringed the patents-in-suit*, Google would have nevertheless understood (prior to being served with the Complaint) that such infringement had been occurring." *Id.* (emphasis added).

Similarly, AGS attempts to distinguish *Cellcontrol*, arguing that those allegations were different, but the *Cellcontrol* plaintiff had its claims dismissed because, like AGS, "the letter [sent to the defendant] provides no facts supporting its claim of infringement." *Cellcontrol, Inc. v. Mill Mountain Capital, LLC*, No. 7:21-cv-246, 2022 WL 598752, at *3 (W.D. Va., Feb. 28, 2022).

### III.   CONCLUSION

For the reasons above, Jesco respectfully requests that its motion to dismiss be granted.

OF COUNSEL:

David C. Radulescu, Ph.D.
Etai Lahav
Bryon T. Wasserman
RADULESCU LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
(646) 502-5950

April 17, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
Benjamin Yenerall (#7132)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com
byenerall@morrisnichols.com

*Attorneys for Defendant Jesco Lighting Group, LLC*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 17, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Andrew E. Russell<br>Lindsey M. Gellar<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff AGS Lighting Management LLC* | *VIA ELECTRONIC MAIL* |
| Kevin E. Cadwell<br>Lisa M. Thomas<br>Brad S. Bowling<br>CADWELL CLONTS REEDER & THOMAS LLP<br>5373 W. Alabama St., Suite 457<br>Houston, TX 77056<br>*Attorneys for Plaintiff AGS Lighting Management LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)